Shan P. Massand
MCGUIREWOODS LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020-1104
(212) 548-2100
smassand@mcguirewoods.com

*Attorneys for Defendant Bank of America, N.A.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GABRIELA MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A. and TRANS UNION, LLC,<br><br>Defendants. | Case No: 1:24-cv-4534<br><br>(Removed from the Supreme Court of the State of New York, County of Bronx, Index No. 807734/2024E)<br><br>**NOTICE OF REMOVAL** |

**TO THE CLERK OF COURT:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441, and 1446, Defendant Bank of America, N.A. ("BANA" or "Defendant"), by and through its undersigned counsel, hereby removes the above-entitled action from the Supreme Court of the State of New York, County of Bronx, to the United States District Court for the Southern District of New York, on the grounds of federal question jurisdiction because Plaintiff Gabriela Martinez ("Plaintiff") asserts claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. and NY CLS General Business Law Section § 380 *et seq*. In support of its Notice of Removal, and in accordance with 28 U.S.C. § 1446, BANA avers as follows:

**I.    PLEADINGS AND FILINGS IN SUPREME COURT**

1.    On or about May 10, 2024, Plaintiff filed a Complaint ("Complaint") in the Supreme Court of the State of New York, County of Bronx, captioned *Gabriela Martinez v. Bank*

*of America N.A. et al.*, bearing Index Number 807734/2024E (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon BANA are attached hereto as **Exhibit A**.

## II.     TIMELINESS OF REMOVAL

2. BANA has not filed any responsive pleading in the State Court Action.

3. This action has not been previously removed to federal court.

4. The removal of this action to this Court is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is being filed within thirty (30) days of BANA's receipt of the Complaint. BANA received the Complaint on May 23, 2024.

## III.    NATURE OF THE ACTION AND REMOVAL JURISDICTION

5. Article III of the Constitution vests federal courts with the authority to hear "all cases, in Law and Equity, arising under th[e] Constitution [or] the Laws of the United States." U.S. Const. Art. III, § 2. Further, 28 U.S.C. § 1331 vests federal district courts with subject matter jurisdiction over cases involving questions of federal law: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under 28 U.S.C. § 1441 (a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." As such, this Court has jurisdiction over any claim presenting a federal question.

6. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. Plaintiff's Complaint alleges violations of the Fair Credit Reporting Act (the **"FCRA"**), 15 U.S.C. **§** 1681 *et seq*. *See* Ex. A (Complaint) ¶ 1. Plaintiff's Complaint further alleges that the "violations

of the Fair Credit Reporting Act under 15 U.S.C. § 1681s-2(b), for its [BANA] failure to conduct a reasonable and/or good faith investigation into Plaintiff's notice of disputes and failing to delete, correct or block the inaccurate information" (*Id.* ¶ 4), and "Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA and to have issued by this Court enjoining Defendants from persisting in their violative behaviors." (*Id.* ¶ 7). These allegations make clear that Plaintiff seeks redress for purported violations of the FCRA.

7. On the face of Plaintiff's Complaint, Plaintiff asserts claims based on alleged violations of federal statute—the FCRA—meaning the claims "arise under" the laws of the United States. *See id.*, ¶¶ 17-21. Accordingly, this Court has original subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 because it involves claims and/or issues arising in whole or in part under the Constitution, laws, or treaties of the United States. If removal is based on federal question jurisdiction, "the defendant must demonstrate the existence of a federal question based on the well-pleaded complaint rule," which provides that jurisdiction exists when "the plaintiff's own cause of action is based on federal law." *Doherty v. Citibank (S. Dakota) N.A.*, 375 F. Supp. 2d 158, 160 (E.D.N.Y. 2005). *See also Martin v. Wells Fargo Bank*, No. 15-CV-5451 (DLI)(LB), 2015 U.S. Dist LEXIS 149819, at *8 (E.D.N.Y. Nov. 4, 2015) ("[G]iven the federal question presented by Plaintiff's FCRA claim, this Court has jurisdiction over this matter irrespective of the relatively small amount in controversy."); *Williams v. Metro. Life Ins. Co.*, No. 94 CIV. 3791 (CSH), 1994 WL 529880, at *3 (S.D.N.Y. Sept. 28, 1994) (holding case was properly removed from state court to federal court as arising under FCRA).

8. Under the FCRA, "[a]n action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy. . . ." 15 U.S.C. § 1681p.

**IV.     VENUE**

9.     The United States District Court for the Southern District of New York is the proper venue for this action because it is the federal district court that embraces the Supreme Court of New York, County of Bronx, the forum in which the original action was filed and is pending. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

**V.      NOTICE**

10.    In accordance with 28 U.S.C. § 1446(d), concurrent with filing this Notice of Removal, BANA will file a copy of the Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Bronx, and will attach a copy of this Notice of Removal thereto.  A copy of the Notice to State Court and Adverse Parties of Filing of Notice of Removal to Federal Court is attached hereto as **Exhibit B**.

**VI.     MISCELLANEOUS**

11.    By filing this Notice of Removal, BANA does not waive any defenses either procedural or substantive, that may be available to it, including, but not limited to, its right to contest *in personam* jurisdiction, improper service of process or the absence of venue in this Court or in the court from which the action has been removed, and specifically reserves all defenses, exceptions, rights, and motions.  No statement or omission in this Notice shall be deemed an admission of any allegations of or damages sought in the Complaint.

12.    BANA expressly reserves and does not waive its right to amend this Notice of Removal and/or offer evidence supporting the Court's jurisdiction over this action.

13.    Co-Defendant Trans Union, LLC has yet to be served and therefore its consent to removal is not required.

WHEREFORE, BANA removes the State Court Action from the Supreme Court of the State of New York, County of Bronx, pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441, and 1446, to the United States District Court for the Southern District of New York.  BANA requests that the Court assume exclusive jurisdiction of this action and enter such orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated: New York, New York
       June 13, 2024

Respectfully submitted,

**MCGUIREWOODS LLP**

*/s/ Shan Massand*
Shan P. Massand
MCGUIREWOODS LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020-1104
Phone: (212) 548-2100
Fax: (212) 548-2150
smassand@mcguirewoods.com

*Attorneys for Defendant*
*Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of June, 2024, I caused a true and correct copy of the foregoing Notice of Removal to be filed electronically with the Clerk of the Court using the Court's CM/ECF System and to be duly served upon the following via electronic mail and Federal Express overnight mail, postage prepaid:

Nicola C. Richards, Esq.
Alain Cesar, Esq.
Craig B. Sanders, Esq.
SANDERS LAW GROUP
333 Earle Ovington Boulevard, Suite 402
Uniondale, New York 11553
nrichards@sanderslaw.group
acesar@sanderslaw.group
csanders@sanderslaw.group

*Attorneys for Plaintiff*

Trans Union LLC
555 W. Adams Street
Chicago, Illinois 60661
c/o The Prentice-Hall Corporation System, Inc.
80 State Street
Albany New York 12207

*Pro Se Defendant*

*/s/ Shan Massand*
Shan P. Massand
MCGUIREWOODS LLP

*Attorneys for Defendant*
*Bank of America, N.A.*